IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THEODORE HAUGLAND, | ) | Civil No. 26-00151 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DISMISS COMPLAINT |
| | ) | WITHOUT PREJUDICE; AND |
| NATIONAL INTERSTATE | ) | (2) DENY APPLICATION TO |
| INSURANCE COMPANY, ET AL., | ) | PROCEED IN DISTRICT COURT |
| | ) | WITHOUT PREPAYING FEES OR |
| Defendants. | ) | COSTS |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO:  (1) DISMISS
COMPLAINT WITHOUT PREJUDICE; AND (2) DENY APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On March 27, 2026, pro se Plaintiff Theodore Haugland ("Plaintiff"), in his individual capacity and as parent and guardian of his two minor children, filed a "Complaint For Negligence, Punitive Damages, Declaratory Relief, Insurance Bad Faith, [and] Demand For Jury Trial" ("Complaint") against National Interstate Insurance Company, John Doe Driver(s) 1, 2, and 3, and other Doe defendants. ECF No. 1.  On March 27, 2026, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  ECF No. 3.

For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.

The Court also RECOMMENDS that the district court DENY WITHOUT PREJUDICE Plaintiff's IFP Application.

## DISCUSSION

I.    Screening of the Complaint

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claim it finds frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Because Plaintiff is appearing pro se, the Court liberally construes the Complaint.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  The Court, however, cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  *See Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

2

The Court has carefully reviewed the allegations in the Complaint.  Plaintiff alleges that he was lawfully operating a vehicle with his two minor children inside when they were struck from behind by multiple drivers.  ECF No. 1 at 3 ¶ 9, 6 ¶¶ 26–27.  Plaintiff alleges that the drivers were negligent and caused Plaintiff and his children to suffer severe and permanent injuries.  *See id.* at 4 ¶¶ 10–12.  In addition, Plaintiff alleges that his insurance company, Defendant National Interstate Insurance Company, failed to properly handle his claim and acted in bad faith.  *See id.* at 9–13 ¶¶ 30–57.  Based on the foregoing allegations, Plaintiff asserts the following claims:  (1) Negligence; (2) Negligence Per Se; (3) Declaratory Relief; (4) Insurance Bad Faith; and (5) Punitive Damages.  *Id.* at 8–14.

In screening the Complaint, the Court also reviews whether the court has subject-matter jurisdiction.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (citation omitted)).  The Court must dismiss an action if it lacks subject-matter jurisdiction.  *Id.* (citation omitted); Fed. R. Civ. P. 12(h)(3).

Federal courts "are courts of limited jurisdiction" and may only decide cases within the limits prescribed by the Constitution and Congress.  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life*

3

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  In general, federal courts have subject-matter jurisdiction in two types of cases:  (1) if the complaint involves a federal question; and (2) when the parties are citizens of different states and the amount in controversy exceeds $75,000, which is sometimes referred to as "diversity jurisdiction."  28 U.S.C. §§ 1331–32.  In the Complaint, Plaintiff alleges that the basis for subject-matter jurisdiction is diversity jurisdiction.  ECF No. 1 at 3 ¶ 1. Diversity jurisdiction requires "complete diversity" between the parties, meaning that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation,* 549 F.3d 1223, 1234 (9th Cir. 2008) (citation omitted).

The Court finds that the Complaint fails to establish complete diversity of citizenship.  Plaintiff alleges that he resides in Aiea, Hawaii, and is a citizen of the State of Hawaii.  ECF No. 1 at 3 ¶ 2, 6 ¶ 25.  Plaintiff alleges that Defendant National Interstate Insurance Company "is, upon information and belief, a corporation organized under the laws of a state other than Hawaiʻi with its principal place of business outside Hawaiʻi."  *Id.* at 3 ¶ 3.  The Court finds that this allegation lacks sufficient specificity to determine the citizenship of Defendant National Interstate Insurance Company.  In addition, Plaintiff does not allege the citizenship of his minor children.  *See* 28 US.C. § 1332(c)(2) (stating that "the legal representative of an infant or incompetent shall be deemed to be a citizen

only of the same State as the infant or incompetent"). The Court thus cannot determine whether complete diversity of citizenship exists.

In addition, Plaintiff names the drivers of the vehicles that struck him as Doe defendants. Plaintiff alleges that the citizenships of the drivers are "currently unknown" and that he will amend the complaint "when their identities are ascertained." *Id.* ¶ 4. The Court acknowledges that the "Ninth Circuit law concerning the effect of 'Doe defendants' on diversity jurisdiction appears conflicted." *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8, & 9*, 172 F.R.D. 411, 414 (D. Haw. 1996); *accord Lemons v. Am. Ass'n of Neurological Surgeons, Inc.*, 782 F. Supp. 3d 913, 920 (E.D. Cal. 2025) ("In cases filed directly in federal district courts pleading diversity jurisdiction, courts have struggled with how to treat Doe defendants."). On one hand, the Ninth Circuit has held that Doe defendants destroy diversity jurisdiction. *See Fat T*, 172 F.R.D. at 414 (citing *Garter–Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980)). On the other hand, some Ninth Circuit courts have ruled that Doe defendants raise jurisdictional questions only when actual parties are substituted. *See id.* (citing cases, including *Lindley v. General Elec. Co.,* 780 F.2d 797 (9th Cir. 1986)); *accord Carroll v. Hilton*, Civ. No. 14-00456 JMS-BMK, 2015 WL 1863054, at *1–2 (D. Haw. Apr. 22, 2015) (acknowledging that a line of cases from the District of Hawaii has concluded that the presence of Doe defendants does not defeat

5

diversity jurisdiction under § 1332 but risks having the case dismissed at a later time if complete diversity of citizenship does not exist).

Under the first approach, the Court finds the inclusion of the Doe defendants destroys diversity jurisdiction. *Garter–Bare*, 650 F.2d at 981. Under the second approach, even if the Court disregards the unidentified Doe defendants for purposes of assessing subject-matter jurisdiction, Plaintiff still does not establish complete diversity of citizenship because Plaintiff does not affirmatively assert the citizenship of his minor children and Defendant National Interstate Insurance Company.

Based on the foregoing, the Court finds that the Complaint fails to allege facts sufficient to establish subject-matter jurisdiction at this stage in the case. The Court thus recommends that the district court dismiss the Complaint. *Arbaugh*, 546 U.S. at 514; Fed. R. Civ. P. 12(h)(3). The Court further recommends that such dismissal be without prejudice with leave to file an amended complaint. *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction[] . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case." (citation omitted)).

If Plaintiff chooses to file an amended complaint, Plaintiff should also address several other deficiencies in the Complaint. First, the Ninth Circuit has

previously held that parents and guardians "cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *accord Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024) (holding the same based on *Johns*), *cert. denied,* 145 S. Ct. 2701, 221 L. Ed. 2d 966 (2025).

Second, Plaintiff may also want to consider identifying his minor children by their initials only. *See* Fed. R. Civ. P. 5.2(a)(3) (stating that a filing with a minor's name may include only the minor's initials).

Third, Plaintiff requests punitive damages in an independent claim in Count V and in his prayer for relief. ECF No. 1 at 14–15. Punitive damages are derivative of a plaintiff's underlying substantive claims and cannot be presented as an independent claim. *See Raquinio v. Town of Kamuela*, CIVIL NO. 19-00066 JAO-KJM, 2019 WL 637765, at *2 (D. Haw. Feb. 14, 2019) (citing *Kaahu v. Randall*, Civil No. 14-00266 HG-RLP, 2018 WL 472996, at *13 (D. Haw. Jan. 18, 2018)).

II.   IFP Application

Because the Court finds and recommends that the district court dismiss Plaintiff's Complaint, the Court recommends that the district court deny Plaintiff's IFP Application at this time. The Court further recommends, however, that the district court grant Plaintiff leave to file another application if he chooses to file an

amended complaint.  If Plaintiff files another application to proceed in district court without prepaying fees or costs, the Court reminds Plaintiff to submit a completed application with all the requested information.  If Plaintiff's response to a question is "none" or "not applicable," Plaintiff should so state on the application.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1.    DISMISS the Complaint WITHOUT PREJUDICE WITH LEAVE TO FILE AN AMENDED COMPLAINT curing the deficiencies identified in this Order, no later than 30 days from an order adopting this Findings and Recommendation; and

2.    DENY the IFP Application (ECF No. 3) with leave to file another application if Plaintiff chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 30, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Haugland v. Nat'l Interstate Ins. Co., et al.*, Civil No. 26-00151 HG-KJM; Findings and Recommendation to:  (1) Dismiss Complaint Without Prejudice; and (2) Deny Application to Proceed in District Court Without Prepaying Fees or Costs